

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

July 18, 1960

Col. Thomas C. Green, Secretary
Texas State Board of Registration
  for Professional Engineers
Austin, Texas

Opinion No. WW-884

Re: Whether a corporation using
the words "engineering com-
pany" in its name is in viola-
tion of Section 1 of the Engineer-
ing Registration Act, when the
incorporators have not been duly
registered or exempted under

Dear Colonel Green:

the provisions of such Act.

Your recent request for an opinion on the above subject reads
substantially as follows:

> Under date of June 20, 1957, Dalton, Hinds &
> O'Brien Engineering Company, 4125 Galveston Road,
> Houston, filed in the office of the Secretary of State
> Articles of Incorporation under the above name.

> According to the records of the State Board of
> Registration for Professional Engineers, none of the
> three, Dalton, Hinds or O'Brien, who are the named
> directors and incorporators, are registered as Pro-
> fessional Engineers under the laws of the State of
> Texas.

Dalton, Hinds & O'Brien Engineering Company filed its Articles of
Incorporation with the Secretary of State in June, 1957, and was subsequently
incorporated. The incorporation of Dalton, Hinds & O'Brien Engineering
Company being subsequent to the effective date of the Business Corporation
Act, it is subject to the provisions of that Act.

The Purpose Clause of Dalton, Hinds & O'Brien Engineering Company
(as stated in the Articles of Incorporation) is:

> "The purpose or purposes for which the corporation
> is organized shall be the performance of engineering
> services, including construction and construction super-
> vision, drafting and associated services, and consulting
> services, all in the field of mechanical, petro-chemical,
> structural, civil, architectural, chemical process, elec-
> trical and instrumentation, and to do all things necessary
> or convenient for the accomplishment or the furtherance,

either alone or in association with other corporations, firms, or individuals, of any of the purposes of objects for which the corporation is organized. All of the aforesaid services will be conducted by or under the direct supervision of engineers who are duly licensed or registered in accordance with the laws of this State."

Your first question is:

"Was the Dalton, Hinds & O'Brien Engineering Company lawfully incorporated in view of Article 2.01B(2) of the Texas Business Corporation Act?"

We answer this question in the affirmative.

Article 2.01B(2) Business Corporation Act provides:

"B. No corporation may adopt this Act or be organized under the Act or obtain authority to transact business in this State under this Act:

" . . .

"(2) If any one or more of its purposes for the transaction of business in this State is to engage in any activity which cannot lawfully be engaged in without first obtaining a license under the authority of the laws of this State to engage in such activity and such a license cannot lawfully be granted to a corporation." (Emphasis ours)

Section 17, Article 3271a, Vernon's Civil Statutes, also known as the Engineering Registration Act, provides:

"A firm or a co-partnership or a corporation, or a joint stock association may engage in the practice of professional engineering in this State, provided such practice is carried on by only professional engineers registered in this State." (Emphasis added)

The suggestion is made that since only individuals may be registered as professional engineers, a license may not be granted to a corporation and therefore incorporation for such a purpose is prohibited.

In our view, Article 2.01B(2), Texas Business Corporation Act, was only intended to make clear that the Business Corporation Act passed in 1955 did not repeal by implication those various provisions of other laws prohibiting the carrying out of special functions by corporations. See, for example, Section 3 of Article 21.14, Texas Insurance Code, forbidding the licensing of a corporation as a local recording agent. In the case of professional engin-

eering, the Legislature has expressly provided that the practice may be carried on by a corporation requiring only that the agency by which such professional engineering services are actually rendered be registered engineers. Nothing in the Texas Business Corporation Act is inconsistent with this express provision of Section 17 of Article 3271a, therefore, it cannot be said that the provisions of the last named statute were repealed by the Business Corporation Act by virtue of any inconsistency. Nor has Section 17 been expressly repealed. It is true that a corporation cannot get a professional engineer's license, but more to the point is the fact that a corporation is not required to obtain a license to do what is permitted it by said Section 17. Since no license is required of a corporation to "engage in the practice of professional engineering," the provisions of Article 2.01B(2), Texas Business Corporation Act, are not applicable.

Your second question is:

"Does the use of the words 'engineering company' in the name of the corporation violate Section 1 of the Engineering Registration Act when the incorporators have not been duly registered or exempted under provisions of said Act?"

We hold that the use of the words in the corporate name is not in violation of such Act.

Section 1 of the Engineering Registration Act, Acts of the 45th Legislature, Regular Session, 1937, chapter 404, page 816 (Article 3271a, Vernon's Civil Statutes, Section 1) reads as follows:

"Section 1. That in order to safeguard life, health, and property, any person practicing or offering to practice the profession of engineering as hereinafter defined shall hereafter be required to submit evidence that he is qualified so to practice and shall be registered as hereinafter provided; and it shall be unlawful for any person to practice or offer to practice the profession of engineering in this State, or to use in connection with his name or otherwise assume, use, or advertise any title or description tending to convey the impression that he is a professional engineer unless such person has been duly registered or exempted under the provisions of this Act."

The effect of this provision in this context is merely to prevent the use of the term "engineering" in the name of a corporation when the corporation is not entitled to engage in the practice of professional engineering. See WW-144. The fact that the name of the corporation happens to include the last names of persons interested in the corporation who are not registered as engineers does not convey the impression that such individuals

are entitled to act as professional engineers. As a practical matter there are many instances where the corporate name does not indicate that the person whose name is used is to perform any duty in behalf of the corporation. Thus, for example, many corporations contain the name of their founder, long since deceased, and thereby incapacitated in rendering any services in behalf of the corporation. In our view the name only suggests that the corporation is authorized to practice engineering. Since we have held that the corporation is entitled to engage in the practice of professional engineering, no violation of Section 1 of said Act is apparent. Since your third question was apparently predicated on answers different from those previously given, we make no reply to it.

SUMMARY

Article 2.01B(2), Texas Business Corporation Act, does not prohibit incorporation for the practice of professional engineering where the actual practice is carried on only by registered professional engineers.

Section 1 of the Engineering Registration Act (Article 3271a, Vernon's Civil Statutes) does not prohibit using the words "engineering company" in its name where the incorporators and members have not been duly registered or exempted under the Act.

Yours very truly,

WILL WILSON
Attorney General of Texas

By _____
Fred B. Werkenthin
Assistant Attorney General

FBW/pe

APPROVED:

OPINION COMMITTEE:

W. V. Geppert, Chairman
Cecil Cammack, Jr.
Elmer McVey
James Irion
C. K. Richards

APPROVED FOR THE ATTORNEY GENERAL
BY:
        Leonard Passmore